IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

TIMOTHY SEAN EDWARDS                                                                    PLAINTIFF

V.                                                                                  NO. 1:11CV089-A-S

JIM H. JOHNSON, et. al                                                                  DEFENDANTS

REPORT AND RECOMMENDATION

On August 25, 2011, the plaintiff, an inmate currently in the custody of the Mississippi Department of Corrections, appeared before the court for a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), to determine if there exists a justiciable basis for his complaint filed under 42 U.S.C. § 1983.

In his complaint, the plaintiff alleged a claims for denial of medical treatment and challenged the general conditions of his confinement at the Lee County Jail. Specifically, the plaintiff stated that prior to his incarceration he had back surgery. Just weeks into his recovery he was arrested and taken to the Lee County Jail. Upon his arrival, his back brace was removed and not returned to him. For approximately three to four days, the plaintiff was held in the "drunk tank" without his back brace or pain medication and he was forced to sleep on a concrete or steel bunk without a mat. The plaintiff stated that he repeatedly requested a brace, pain medication and a mat but these items were not forthcoming. The plaintiff alleged that his time at the Lee County Jail impeded or halted his recovery and that he is currently suffering from additional back problems. For relief, the plaintiff is seeking compensatory damages.

RESPONDEAT SUPERIOR

At the *Spears* hearing, the plaintiff essentially admitted that defendant Johnson was being sued for his position as sheriff. It is well settled that a state actor cannot be liable absent any personal involvement in the events which gave rise to the civil action. *Sanders-Burns v. City of Plano*, 578 F.3d 279, 290 (5th Cir. 2009) (the doctrine of respondeat superior is not cognizable in

1983 actions). Absent the requisite personal involvement, the plaintiff has failed to state a claim against defendant Johnson and he should be dismissed.

## CONCLUSION

It is the recommendation of the undersigned, therefore, that defendant Johnson be dismissed for the plaintiff's failure to state a claim. Process shall issue for the remaining defendants.

## OBJECTIONS

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72.1(C) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within fourteen days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within fourteen days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court. *Douglass v. United Services Automobile Assoication*, 79 F.3d 1415 (5th Cir. 1996).

The Plaintiff is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within fourteen days of this date. The Plaintiff is warned that failure to comply with the requirements of this paragraph may lead to the dismissal of this lawsuit under Fed. R. Civ. P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

This the 26TH day of August, 2011.

/s/ David Sanders
UNITED STATES MAGISTRATE JUDGE